ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2012 APR 18 P 3: 19
CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| KEITH HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 312-030 |
| | ) | |
| Officer S. WRIGHT,[1] CERT Officer | ) | |
| HURSE, CERT Officer EDWARDS, CERT | ) | |
| Officer DENNIS, CERT Officer | ) | |
| JOHNSON, CERT Officer TIMMY, CERT | ) | |
| Officer FOREMAN, Deputy Warden | ) | |
| TIMOTHY JONES, Deputy Warden | ) | |
| LARRY BUTTS, Chief Counselor KEITH | ) | |
| MORRIS, Sergeant RICKY TUCKER, | ) | |
| Lieutenant O'NEAL, and Lieutenant | ) | |
| GOTEL, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate presently incarcerated at Baldwin State Prison in Hardwick, Georgia, seeks to proceed *in forma pauperis* ("IFP") in this action filed pursuant to 42 U.S.C. § 1983.[2] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice.

---

[1] The **CLERK** is **DIRECTED** to modify the docket to reflect that Plaintiff has named Officer S. Wright as a Defendant in his complaint. (See doc. no. 1, p. 1.)

[2] Although he is currently incarcerated at Baldwin State Prison, Plaintiff's complaint concerns events that allegedly occurred at Johnson State Prison, in Wrightsville, Georgia.

I.  **BACKGROUND**

A prisoner attempting to proceed IFP in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321 (1996). 28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.[3]

The Eleventh Circuit concluded that § 1915(g) does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Accordingly, the court upheld the constitutionality of § 1915(g). Rivera v. Allin, 144 F.3d 719, 721-27 (11th Cir. 1998), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

II.  **DISCUSSION**

A.  **Prior Filing History**

A review of Plaintiff's history of filings reveals that he has brought at least three cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted: (1) Henderson v. Newsome, CV 311-056 (S.D. Ga. Oct. 17, 2011) (dismissed as sanction for providing false information about prior filing history);

---

[3]The Eleventh Circuit noted that "[t]his provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).

(2) Henderson v. Harris, CV 109-181 (M.D. Ga. Feb. 19, 2010) (dismissed for failure to follow court orders); and (3) Henderson v. Strickland, CV 109-176 (M.D. Ga. Feb. 17, 2010) (same).[4] As these previous cases were dismissed as a sanction for providing false information or for failing to comply with court orders, they qualify as strikes under § 1915(g).[5] Because Plaintiff has at least three strikes under § 1915(g), he cannot proceed IFP in the present case unless he can demonstrate that he qualifies for the "imminent danger of serious physical injury" exception to § 1915(g).

## B.    Plaintiff Does Not Qualify for the "Imminent Danger" Exception

In order to come within the imminent danger exception, a prisoner must be in imminent danger at the time he files suit in district court, not at the time of the alleged incident that serves as the basis for the complaint. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999). Nothing in Plaintiff's complaint supports a finding of imminent danger of serious physical injury at the time Plaintiff commenced this case. In his complaint, Plaintiff appears to attempt to state a claim based on the confiscation of his personal property by prison officials and his confinement in a cell with a covered top window, a locked "food tray slot," and poor ventilation. (See doc. no. 1.) Plaintiff also asserts, without any coherent

---

[4] Another previous action, Henderson v. Wright, CV 311-110 (S.D. Ga. Feb. 7, 2012), which concerned many of the same facts alleged in this case, was dismissed pursuant to the three-strikes provision.

[5] Dismissals for providing false filing-history information and failing to comply with court orders both fall under the category of "abuse of the judicial process," which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under § 1915(g). See Rivera, 144 F.3d at 731; see also Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

3

explanation, that he has been subjected to false imprisonment, cruelty, forgery, racial discrimination, and a host of other wrongs. (See id.)

However, none of the specific facts alleged in the complaint suggest that Plaintiff was in "imminent danger" at the time he commenced this case. Indeed, while Plaintiff's complaint concerns events that allegedly occurred at Johnson State Prison, he was incarcerated at Baldwin State Prison by the time he filed his complaint, negating the possibility that the conditions he complains of at Johnson State Prison continued to pose him a risk of harm when he commenced this case. Therefore, Plaintiff fails to demonstrate that he should be excused from paying the full filing fee under the "imminent danger" exception to § 1915(g)'s three-strike rule.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's request to proceed IFP be **DENIED** (doc. no. 2) and that this action be **DISMISSED** without prejudice. If Plaintiff wishes to proceed with this civil action, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO REPORTED and RECOMMENDED this 18th day of April, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4