ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2012 MAY 15  P 3: 35

CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

KEITH HENDERSON,            )
                            )
        Plaintiff,          )
                            )
v.                          )    CV 312-030
                            )
Officer S. WRIGHT, et al.,  )
                            )
        Defendants.         )

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 5). The Magistrate Judge found, pursuant to 28 U.S.C. § 1915(g), that Plaintiff had three prior cases that were dismissed for being frivolous or malicious or for failing to state a claim upon which relief may be granted, and that he did not qualify for the "imminent danger" exception. As a result, he recommended that Plaintiff's motion to proceed *in forma pauperis* ("IFP") be denied and that this action be dismissed. (Doc. no. 3.)

In his objections, Plaintiff notes that he has named the undersigned and the Magistrate Judge as defendants in a separate case that he initiated at the same time as the instant action. (Doc. no. 5, pp. 2-3 (citing Henderson v. Barfield, CV 312-029 (S.D. Ga. Apr. 13, 2012)).) Thus, he appears to contend that the Magistrate Judge improperly ruled on his IFP motion and that both judicial officers should recuse themselves from this case. (See id.)

Notably, prior to his objections, Plaintiff did not argue for the recusal of either the undersigned or the Magistrate Judge. In any event, irrespective of the timing of his recusal

argument, the argument is without merit. While recusal may be required when a judge "has a personal bias or prejudice concerning a party," 28 U.S.C. 455(b), "[a] judge is not disqualified merely because a litigant sues or threatens to sue him." In re Bush, 232 F. App'x 852, 854 (11th Cir. 2007) (*per curiam*) (quoting United States v. Grismore, 564 F.2d 929, 933 (10th Cir. 1977)); accord Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (holding that *pro se* plaintiff's pending lawsuit against judge did not warrant recusal); United States v. Studley, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against him, or by a litigant's intemperate and scurrilous attacks." (citations omitted)); see also In re Taylor, 417 F.3d 649, 652 (7th Cir. 2005) ("[A] per se rule of disqualification would allow litigants to judge shop by filing a suit against the presiding judge . . . .").

As Plaintiff offers nothing beyond the fact that he named the judicial officers involved in this case in a separate action, this objection is without merit. Plaintiff's remaining objections are likewise without merit and do not warrant further discussion. Thus, Plaintiff's objections are **OVERRULED**. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's motion to proceed IFP is **DENIED** (doc. no. 2), and this action is **DISMISSED** without prejudice. If Plaintiff wishes to proceed with the claims raised in this lawsuit, he must submit a new complaint, along with the full filing fee. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002) (*per curiam*).

SO ORDERED this 15th day of May, 2012, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

2